William J. Brown, Jr. (CA SBN 192950)
*bill@brownwegner.com*
**BROWN WEGNER LLP**
2010 Main Street, Suite 1260
Irvine, CA 92614
(949) 705-0081

Scott M. Daniels*
*scott.daniels@xsensus.com*
Bradley Lytle*
*brad.lytle@xsensus.com*
**XSENSUS, LLP**
8521 Leesburg Pike #310
Vienna, VA 22182
(571) 376-6333

Thomas Bejin*
*tbejin@taftlaw.com*
**TAFT STETTINIUS & HOLLISTER LLP**
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000

Jaimin H. Shah*
*jshah@taftlaw.com*
**TAFT STETTINIUS & HOLLISTER LLP**
111 E Wacker Dr #2600
Chicago, IL 60601
(312) 836-4171

**Pro hac vice* anticipated

*Attorneys for Plaintiff WHILL, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHILL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BLUEBERRY TECHNOLOGY INC,<br><br>Defendant. | Case No. 5:26-cv-8626<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff WHILL, INC. files this Complaint for Patent Infringement against Defendant Blueberry Technology Inc alleging as follows:

**NATURE OF THE ACTION**

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1, et seq., for infringement of U.S. Patent No. 8,700,250 ("'250 Patent" or "Asserted Patent"). A true and accurate copy of the '250 Patent is attached hereto as Exhibit A.

**THE PARTIES**

2. WHILL, INC. ("WHILL") is incorporated in Japan. WHILL operates globally, with its main United States headquarters located in Redwood City, California, and its global corporate headquarters situated in Tokyo, Japan.

3. On information and belief, Blueberry Technology Inc ("Blueberry") has its principal place of business, physical headquarters, and core operations at 6203 San Ignacio Ave., Suite 110, San Jose, California.

**JURISDICTION AND VENUE**

4. This is a civil action for infringement that arises under the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

5. This Court has personal jurisdiction over Blueberry in this action because Blueberry has committed acts of patent infringement and has regularly and systematically conducted and solicited business in this District, by and through at least its headquarters in this District.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) at least because Blueberry has committed acts of infringement in this District and has regular and established places of business in this District, specifically its headquarters at 6203 San Ignacio Avenue, Suite 110, San Jose, California.

**DIVISIONAL ASSIGNMENT**

7. On information and belief, a substantial part of the events or omissions giving rise to the claims in this Action occurred in the County of Santa Clara, such that assignment to the San Jose Division is required pursuant to Civil L.R. 3-2(c).

## BACKGROUND

8. Founded in 2012, WHILL is a global leader in the field of inclusive mobility.

9. WHILL offers Autonomous Service or self-driving mobility devices which are innovative "last-mile" transportation solutions designed to assist passengers with limited mobility—such as those who have difficulty walking long distances or have hidden disabilities—while easing severe staffing shortages for airports and airlines.

10. WHILL is the owner by assignment of U.S. Patent No. 8,700,250 (the '250 Patent) The '250 Patent is titled "Airport Transportation System" and issued on April 15, 2014, from U.S. Patent Application Serial No. 13/421,005 filed on March 15, 2012.

11. The '250 Patent is a pioneering patent.

12. Scootaround, Inc. ("Scootaround") is a subsidiary of WHILL.

13. In August 2022 Boeing approached WHILL to sell the '250 Patent.

14. Boeing explained to WHILL that it regarded the patent as innovated but did not expect to practice the '250 Patent.

15. Upon information and belief, Boeing contacted WHILL because WHILL was a pioneer in autonomous driving personal mobility services and WHILL would bring the device of the '250 Patent to market within airports.

16. Based in part on its discussions with Boeing, WHILL concluded the '250 Patent was pioneering.

17. WHILL elected to have Boeing assign the '250 Patent to Scootaround.

18. Prior to issuance, the '250 Patent inventors assigned all right, title, and interest in U.S. Patent Application Serial No. 13/421,005 to The Boeing Company. The assignment was recorded at the USPTO at Reel/Frame 27976/0951 on April 3, 2012, and a true and accurate copy is attached hereto as Exhibit B.

19. The Boeing Company assigned all right, title, and interest in the '250 Patent to Scootaround, Inc. The assignment was recorded at the USPTO at Reel/Frame 62242/384 on December 30, 2022, and a true and accurate copy is attached hereto as Exhibit C.

20. A corrective assignment was recorded at the USPTO at Reel/Frame 67923/0228 on June 26, 2024, and a true and accurate copy is attached hereto as Exhibit D.

21. Scootaround, Inc. assigned all right, title, and interest in the ‘250 Patent to WHILL, INC. The assignment was recorded at the USPTO at Reel/Frame 67656/0107 on June 7, 2024, and a true and accurate copy is attached hereto as Exhibit E.

22. WHILL is the present owner and has been at times relevant to this Complaint the owner, by valid assignment, of the entire right, title, and interest in and to the ‘250 Patent.

23. The claimed invention of the ‘250 Patent is directed to a novel airport transportation system. Exhibit A, Title, Abstract.

24. The ‘250 Patent is valid and enforceable.

25. Winnipeg Richardson International Airport (YWG) began to work with WHILL and Scootaround in 2019 as the first airport in North America to trial the autonomous mobility devices.

26. Upon information and belief, Defendant Blueberry was founded in 2020.

27. Blueberry’s first product called BBGo (the “Blueberry Accused Product”) is an automated wheelchair for use in airports. Upon information and belief the Accused Product was introduced into airports in 2025.

28. The BBGo operates with both hardware and software and uses a combination of lidar and cameras.

29. The BBGo is illustrated below:


THE FUTURE
OF AIRPORT MOBILITY




BLUEBERRY TECHNOLOGY
MEET BBGo
Seated Person Detection
Movement only when a person is seated
Multilingual User Interface
Convenient interactions and wayfinding
Connected Vehicle
Remote monitoring/Dispatching
Autonomous Mobility
AI enabled Autonomous Mobility
Fleet Safe
No exposed components, easy to service
Collision Avoidance
Always aware sensor stack
DESIGNED FOR SUSTAINABILITY, SAFETY & SERVICEABILITY

30. The BBGo may operate in a fully autonomous mode.




31. The BBGo includes an interactive display that scans a boarding pass and takes the passenger to their gate.




32. The BBGo can be remotely dispatched to meet a passenger.

33. The BBGo can be remotely dispatched to return to a pre-designated location.

34. The BBGo includes a location system which identifies its location.




[redacted]
Check your information
Step 2 of 5
Please confirm your boarding pass information and press Confirm
Name
[redacted]
ETD
15:30
Flight Destination
CLT
Current Location
home-1
Flight Status
On Time
Gate
D30
Back
Confirm

35. The BBGo includes an onboard processor running localized software. The processor is programmed with a software algorithm structure. The processor takes in the information from the sensors for navigation of the BBGo.

36. At least as early as 2025, Blueberry made, used, sold and offered to sell the BBGo automated wheelchair.

37. The BBGo automated wheelchair has been used at airports including, San Jose (SJC) and Detroit (DTW).

38. Blueberry is not and has never been licensed or otherwise authorized to practice the claims of the ‘250 Patent.

39. Blueberry has been aware of the ‘250 Patent since at least on or about November 17, 2025, when WHILL sent a letter to Blueberry notifying it of the ‘250 Patent. See Exhibit F. Blueberry did not respond to that notice.

40. Counsel for WHILL addressed a letter to Blueberry on April 28, 2026, asking it to cease its acts of infringing the ‘250 Patent. See Exhibit G. Blueberry never replied to that letter.

**CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 8,700,250)**

41. Plaintiff re-alleges and incorporates each of the allegations in Paragraphs 1-39 above as though fully set forth herein.

42. Blueberry directly infringes, literally and/or under the doctrine of equivalents, multiple clams of the ‘250 Patent, including but not limited to claims 1, 14 and 16, by making, using, selling, offering for sale, and/or importing the BBGo in the United States.

43. By way of non-limiting example, Blueberry directly infringes, literally and/or under the doctrine of equivalents, Claim 1 of the ‘250 Patent by making, using, selling, offering for sale, and/or importing the BBGo in and into the United States:

[1a] An apparatus comprising:

[1b] a mobile platform configured to hold a passenger;

[1c] a movement system associated with the mobile platform and configured to move the mobile platform;

[1d] a location system configured to identify a location of the mobile platform; and

[1e] a navigator configured to

[1f] identify flight information for the passenger,

[1g] generate a route to a gate for the passenger using the flight information, and

[1h] control the movement system to move the mobile platform along the route using the location of the mobile platform,

[1i] wherein an implementation of the navigator is selected from the group consisting of non-transitory software, hardware, or a combination of non-transitory software and hardware.

44. The Blueberry Accused Product includes:

"An apparatus comprising:

a mobile platform configured to hold a passenger;

a movement system associated with the mobile platform and configured to move the mobile platform;"

which is shown below:


THE FUTURE
OF AIRPORT MOBILITY




BLUEBERRY TECHNOLOGY
MEET BBGo
Seated Person Detection
Movement only when a person is seated
Multilingual User Interface
Convenient interactions and wayfinding
Autonomous Mobility
AI enabled Autonomous Mobility
Connected Vehicle
Remote monitoring/Dispatching
Fleet Safe
No exposed components, easy to service
Collision Avoidance
Always aware sensor stack
DESIGNED FOR SUSTAINABILITY, SAFETY & SERVICEABILITY

The vehicle is designed to be either fully autonomous, driven by a collision-aware joystick solution, or simply pushed around like a conventional wheelchair. We seamlessly transition between these modes. There is ample space for carry-on luggage, an ergonomic seat, and a multilingual interactive display that scans your boarding pass, stops at restrooms or restaurants along the way, and takes you to your gate. The vehicle can be remotely dispatched to meet the passengers where they are and can be remotely dispatched to go back to a pre-designated home location. I invite you to checkout our social media channels (Instagram, Facebook, LinkedIn, YouTube).

(highlight added).

45. The Blueberry Accused Product has "a location system configured to identify a location of the mobile platform" as shown below:






46. The Blueberry Accused Product includes

"a navigator configured to"

"identify flight information for the passenger"

as shown below:









47. The Blueberry Accused Product includes

"a navigator configured to"

"generate a route to a gate for the passenger using the flight information"

as shown below:




48. The Blueberry Accused Product includes

"a navigator configured to"

"control the movement system to move the mobile platform along the route using the

location of the mobile platform"

as shown below:






49. The Blueberry Accused Product includes an implementation of the navigator that is selected from the group consisting of non-transitory software, hardware, or a combination of non-transitory software and hardware because it includes an onboard processor that locally runs software.

50. By way of non-limiting example, Blueberry directly infringes, literally and/or under the doctrine of equivalents, Claim 14 of the '250 Patent by making, using, selling, offering for sale, and/or importing the Accused Product and related components in and into the United States:

> [14a] A self-propelled passenger platform comprising:
>
> [14b] a mobile platform configured to hold a passenger;
>
> [14c] a movement system associated with the mobile platform and configured to move the mobile platform;
>
> [14d] a location system configured to identify a location of the mobile platform; and
>
> [14e] a navigator configured to
>
> [14f] identify flight information for the passenger,
>
> [14g] identify points of interest,
>
> [14h] generate a route to a gate and a set of points of interest in response to user input selecting the set of points of interest, and
>
> [14i] control the movement system to move the mobile platform along the route using the location of the mobile platform,
>
> [14j] wherein an implementation of the navigator is selected from the group consisting of non-transitory software, hardware, or a combination of non-transitory software and hardware.

51. As shown below, the Blueberry Accused Product has:

> "A self-propelled passenger platform comprising:
>
> a mobile platform configured to hold a passenger;
>
> a movement system associated with the mobile platform and configured to move the mobile platform;"


THE FUTURE
OF AIRPORT MOBILITY




BLUEBERRY TECHNOLOGY
MEET BBGo
Multilingual User Interface
Convenient interactions and wayfinding
Connected Vehicle
Remote monitoring/Dispatching
Collision Avoidance
Always aware sensor stack
Seated Person Detection
Movement only when a person is seated
Autonomous Mobility
AI enabled Autonomous Mobility
Fleet Safe
No exposed components, easy to service
DESIGNED FOR SUSTAINABILITY, SAFETY & SERVICEABILITY

> The vehicle is designed to be either fully autonomous, driven by a collision-aware joystick solution, or simply pushed around like a conventional wheelchair. We seamlessly transition between these modes. There is ample space for carry-on luggage, an ergonomic seat, and a multilingual interactive display that scans your boarding pass, stops at restrooms or restaurants along the way, and takes you to your gate. The vehicle can be remotely dispatched to meet the passengers where they are and can be remotely dispatched to go back to a pre-designated home location. I invite you to checkout our social media channels (Instagram, Facebook, LinkedIn, YouTube).

(highlight added).

52. The Blueberry Accused Product has "a location system configured to identify a location of the mobile platform":





53. The Blueberry Accused Product has:

"a navigator configured to"

"identify flight information for the passenger"









54. The Blueberry Accused Product has a navigator that "identif[ies] points of interest":







55. The Blueberry Accused Product has a navigator that "generate[s] a route to a gate and a set of points of interest in response to user input selecting the set of points of interest":




56. The Blueberry Accused Product has a navigator that "control[s] the movement system to move the mobile platform along the route using the location of the mobile platform":









57. The Blueberry Accused Product includes an implementation of the navigator that is selected from the group consisting of non-transitory software, hardware, or a combination of non-transitory software and hardware because it includes an onboard processor that locally runs software.

58. By way of further non-limiting example, the Blueberry Accused Product directly infringes, literally and/or under the doctrine of equivalents, Claim 16 of the '250 Patent which states:

> [16a] A method of operating a self-propelled passenger platform, the method comprising:
>
> [16b] identifying flight information for a passenger with a navigator,
>
> [16c] wherein an implementation of the navigator is selected from the group consisting of non-transitory software, hardware, or a combination of non-transitory software and hardware;
>
> [16d] generating with the navigator a route from a location of a mobile platform to a gate identified from the flight information; and
>
> [16e] controlling with the navigator operation of a movement system associated with the mobile platform such that the mobile platform moves along the route.

59. The Blueberry Accused Product performs "a method of operating a self-propelled passenger platform":


THE FUTURE
OF AIRPORT MOBILITY




BLUEBERRY TECHNOLOGY
MEET BBGo
Multilingual User Interface
Convenient interactions and wayfinding
Connected Vehicle
Remote monitoring/Dispatching
Collision Avoidance
Always aware sensor stack
Seated Person Detection
Movement only when a person is seated
Autonomous Mobility
AI enabled Autonomous Mobility
Fleet Safe
No exposed components, easy to service
DESIGNED FOR SUSTAINABILITY, SAFETY & SERVICEABILITY

The vehicle is designed to be either fully autonomous, driven by a collision-aware joystick solution, or simply pushed around like a conventional wheelchair. We seamlessly transition between these modes. There is ample space for carry-on luggage, an ergonomic seat, and a multilingual interactive display that scans your boarding pass, stops at restrooms or restaurants along the way, and takes you to your gate. The vehicle can be remotely dispatched to meet the passengers where they are and can be remotely dispatched to go back to a pre-designated home location. I invite you to checkout our social media channels (Instagram, Facebook, LinkedIn, YouTube).

(highlight added).

60. The Blueberry Accused Product "identif[ies] flight information for a passenger with a navigator":









61. The Blueberry Accused Product "generat[es] with the navigator a route from a location of a mobile platform to a gate identified from the flight information":






62. The Blueberry Accused Product "control[s] with the navigator operation of a movement system associated with the mobile platform such that the mobile platform moves along the route":









63. The Blueberry Accused Product controls with the navigator operation of a movement system associated with the mobile platform such that the mobile platform moves along the route through its onboard processor.

64. Blueberry actively induces and has actively induced infringement of at least Claim 16 of the ‘250 Patent since at least November 17, 2025 in violation of 35 U.S.C. § 271(b) by inducing customers and end users to operate the BBGo according to claim 16.

65. Blueberry’s customers and end-users of the Accused Product directly infringe at least Claim 16 of the ‘250 Patent, at least by using the Accused Product.

66. Blueberry instructs customers and end-users to use the Accused Product, as described in detail above in Paragraphs 58-62, at least through its marketing, promotional, and instructional materials.

67. Blueberry’s infringement is willful.

68. Blueberry is not and has never been licensed or otherwise authorized to practice the claims of the ‘250 Patent.

69. Blueberry has been aware of the ‘250 Patent since at least on or about November 17, 2025, when WHILL sent a letter to Blueberry notifying it of the ‘250 Patent. See Exhibit F. Blueberry did not respond to that notice.

70. Counsel for WHILL addressed a letter to Blueberry on April 28, 2026, asking it to cease its acts of infringing the ‘250 Patent. See Exhibit G. Blueberry never replied to that letter.

71. Despite knowing that its activities infringe the ‘250 Patent, Blueberry continues its activities with the specific intent to infringe, without a good faith belief that it does not infringe the ‘250 Patent or that the ‘250 Patent is invalid, or despite an objectively high likelihood that its actions constitute infringement of the ‘250 Patent and that the ‘250 patent is not invalid. Blueberry’s infringing actions are egregious, including by its copying of WHILL’s intellectual property and innovations.

72. Because Blueberry’s infringement of the ‘250 Patent is willful, and its conduct egregious, enhanced damages under 35 U.S.C. § 284 are appropriate in this case.

73. Blueberry's infringement has damaged and continues to cause damages to Plaintiff in an amount yet to be determined, of at least a reasonable royalty and/or lost profits.

74. Unless and until enjoined by this Court, Blueberry will continue to directly infringe as well as induce infringement of the '250 Patent. Blueberry's infringing acts are causing and will continue to cause irreparable harm, for which there is no adequate remedy at law. Under 35 U.S.C. § 283, a permanent injunction against further infringement is appropriate.

75. This case is exceptional, warranting an award of attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests:

a) That Judgment be entered that Blueberry infringes and has infringed one or more claims of the Asserted Patent, directly and/or indirectly, by way of induced infringement, literally or under the doctrine of equivalents;

b) That, in accordance with 35 U.S.C. § 283, Blueberry and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, including partners, distributors, resellers and customers, be permanently enjoined from (1) infringing the Asserted Patent; (2) making, using, selling, offering for sale and/or importing any products and/or services that infringe the Asserted Patent; and (3) inducing others to infringe the Asserted Patent;

c) An award of damages sufficient to compensate for Blueberry's infringement under 35 U.S.C. § 284, and in excess of $75,000;

d) A judgment holding Blueberry's infringement of the Asserted Patent to be willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

e) A permanent injunction against further infringement is appropriate;

f) That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees;

g) Costs and expenses in this action;

h) An award of prejudgment and post-judgment interest; and

i) Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 19, 2026

Respectfully submitted,

/s/ William J. Brown, Jr.
William J. Brown, Jr.
**BROWN WEGNER LLP**

Scott M. Daniels*
Bradley Lytle*
**XSENSUS, LLP**

Thomas Bejin*
**TAFT STETTINIUS & HOLLISTER LLP**

Jaimin H. Shah*
**TAFT STETTINIUS & HOLLISTER LLP**

**Pro hac vice* anticipated

*Attorneys for Plaintiff WHILL, Inc.*